Ex parte Emily T. and Matilda Poultney, complainants v. The City of La Fayette, Shields, et al.

A subpœna in chancery was issued in the circuit court of the United States for the Louisiana district, on the 15th of July, 1837, returnable to the next term of the court to be holden in November. Some of the defendants appeared, and an affidavit was filed, stating that upwards of two hundred persons were named as defendants in the bill, and that owing to the epidemic in New Orleans and at La Fayette, and the absence of many of the defendants, it had been impossible for the defendants to prepare for a defence to the bill; for this and for other reasons, an extension of the time for their appearance was essentially necessary for their proper defence, &c.: and that the application was not made for delay. The circuit court, on this affidavit, laid a rule on the complainants to show cause why the defendants should not be allowed to the next term to make their appearance and defence; and that in the mean time no further proceeding should be had in the case. The solicitors for the complainants, moved that the cause should be placed on the rule docket of the court, that the complainants might proceed in the cause, according to the chancery practice. This motion was overruled by the circuit court. The complainants moved the Supreme Court for a rule on the circuit court to show cause why a mandamus, in the nature of a procedendo, should not issue, commanding the court to send the case to the rule docket of the court. By the Court—We can preceive nothing in the proceedings of the circuit court to warrant the rule to show cause, which has been asked for in behalf of the complainants; on the contrary, judging from the evidence contained in the record, the conduct of the court in relation to the cause in question, appears to have been strictly conformable to the practice and principles of a court of equity.

The statements contained in a petition addressed to the Supreme Court, asking for "a rule to show cause why a mandamus, in the nature of a writ of procedendo, should not be issued," not being verified by affidavit, they cannot, under the decisions and practice of the court, be considered.

Every court of equity possesses the power to mould its rules in relation to the time and manner of appearing and answering, so as to prevent the rule from working injustice. And it is not only in the power of the court, but it is its duty to exercise a sound discretion upon this subject; and to enlarge the time whenever it shall appear that the purposes of justice require it. The rules in chancery proceedings in the circuit courts, prescribed by this Court, do not, and were not intended to deprive the courts of the United States of this well known and necessary power.

ON a motion, by Mr. Crittenden, for a rule on the judges of the circuit court of the United States for the eastern district of Louisiana, for a rule to show cause why a mandamus, in the nature of a writ of procedendo, should not issue, &c.

[Ex parte Poultney v. The City of La Fayette et al.]

Mr. Chief Justice TANEY delivered the opinion of the Court:

This case comes before us upon a motion on the part of the complainants, for a rule upon the judges of the circuit court for the eastern district of Louisiana, to show cause why a mandamus, in the nature of a writ of procedendo, should not issue from this Court; commanding the circuit court to "remand this suit to the rule docket of the court, so that the complainants may proceed therein according to chancery practice."

The copy of the record upon which this motion is founded, shows that a bill in equity was filed in the circuit court, by the above named complainants, against the above named defendants, on the 15th of July, 1837; and that subpœnas thereupon issued, returnable to the next term of the circuit court, to be holden on the third Monday in November, in the same year. On the return of the subpœnas, some of the defendants appeared; and an affidavit was filed on behalf of a great number of them, stating that upwards of two hundred persons were named as defendants in the bill; that owing to the epidemic which had prevailed in the city of New Orleans and city of La Fayette, and the absence of many persons, and the recent service of the process upon many of the defendants, it had been impossible for the greater part of them, until within a short time before, to take the steps which they deemed necessary to their defence; that they had but recently been able to engage counsel, and had been informed by them, that it was wholly out of their power, with a due regard to the rights of their clients, to ascertain the facts necessary to enable them to decide upon the nature and mode of defence at that term; that there was some uncertainty as to the proper mode of proceeding in equity in the circuit court, on account of recent decisions on the subject; and that on account of the great importance of the matters to be tried, an extension of time for the appearance of the defendants was essentially necessary to their proper defence, and to obtain the ends of justice; and that the affidavit was not made for delay, but solely for the ends of justice.

Upon this affidavit, the court laid a rule upon the complainants to show cause on the next day, the 21st of November, why the defendants should not be allowed until the first day of the next term to make their appearance and defence; and in the meantime that no further step or proceeding be had in the case.

On the 15th of December, at the same term, the complainants, by their solicitors, moved the court "to enter an order, directing the

clerk of the court to place the cause upon the rule docket of the. court, so that the complainants might proceed in the cause according to the chancery practice." This motion was overruled by the court. It does not appear whether the time asked for by the defendants was given or not; nor is there any further order or proceeding in the case, in the certified copy of the record from the circuit court, filed here by the complainants. An attested copy of a rule of proceeding in civil cases, adopted by the circuit court on the 20th of November, 1837, accompanies the record; but it does not appear that any thing has been done or omitted to be done under this rule, in the suit now in question.

The statements contained in the petition addressed to this Court, not being verified by affidavit, they cannot, under the decisions and practice of the Court, be considered in the matter before us.

We perceive nothing in the proceedings of the circuit court to warrant the rule to show cause which has been asked for in behalf of the complainants. On the contrary, judging from the evidence contained in the record, the conduct of the court in relation to the cause in question, appears to have been strictly conformable to the practice and principles of a court of equity.

The particular object of the motion made by the complainants in the circuit court, is not distinctly stated. It did not ask for any specific order or process, but appears to have been made in opposition to the previous motion of the defendants for time to answer. And, from the terms used in the motion of the complainants, we suppose they desired the court to deny the motion of the defendants, and to allow the complainants to proceed at the rules to be held by the clerk, without any extension of the time to answer.

The rules of chancery practice, mentioned in the motion of the complainants, must, of course, mean the rules prescribed by this Court for the government of the courts of equity of the United States, under the act of congress of May 8, 1792, ch. 137, s. 2; which are undoubtedly obligatory on the circuit courts. But if the order had been made pursuant to the motion, and the case transferred to the rules, under the direction of the clerk, the time asked for by the defendants would, in effect, have been refused; and under the 6th rule of practice prescribed for the circuit courts, the complainants would have been entitled to proceed on their bill as confessed, if the defendants did not appear and file their answer within three months after the day of appearance limited by these rules. We think the

court did right in refusing this motion.   Every court of equity possesses the power to mould its rules in relation to the time and manner of appearing and answering, so as to prevent the rule from working injustice; and it is not only in the power of the court, but it is its duty to exercise a sound discretion upon this subject, and to enlarge the time, whenever it shall appear that the purposes of justice require it.   The rules prescribed by this Court do not, and were not intended to deprive the courts of the United States of this well known and necessary power; and the facts stated in the affidavit before referred to, certainly presented a case in which it was proper to exercise it.

In expressing our opinion on the conduct of the court, we do not mean to intimate that a mandamus would have been the proper remedy, if we had found that the court had fallen into error.   It is not our purpose, on this occasion, to express any opinion as to the cases in which it would be fit for this Court to exercise such a power.   In the evidence exhibited by the complainants, we perceive no just ground of complaint against the decision of the circuit court, and have therefore felt it to be our duty to say so; but at the same time, to refrain from expressing any opinion upon questions which do not belong to the case.

The motion for the rule to show cause why a mandamus should not issue, is therefore overruled.

On motion for a rule on the judges of the circuit court of the United States for the eastern district of Louisiana, to show cause, &c.

On consideration of the motion made in this cause, on a prior day of the present term of this Court, to wit, on Monday, the fifth day of February, A. D. 1838, by Mr. Crittenden, of counsel for the petitioners, for a rule on the judges of the circuit court of the United States for the eastern district of Louisiana, to show cause why a writ of mandamus should not be awarded to them directed, commanding them, the said judges, to make an order remanding the above suit to the rules docket of the said circuit court, so that the petitioners therein may proceed according to chancery practice, and of the arguments of counsel thereupon had; it is now here ordered and adjudged, by this Court, that the said motion be, and the same is hereby overruled.